CHUN LIN, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 05–4154–ag.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Chun Lin, pro se, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney, District of Rhode Island, Kenneth P. Madden, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Chun Lin, a citizen of China, seeks review of a July 8, 2005 order of the BIA summarily affirming immigration judge ("IJ") Brigitte Laforest's January 25, 2005 decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Lin*, No. A79 407 615 (B.I.A. July 8, 2005), *aff'g* A79 407 615 (Immig. Ct. N.Y. City Jan. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,*

411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Substantial evidence in the record supports the IJ's adverse credibility determination. The IJ was reasonable in relying on discrepancies between Lin's hearing testimony and statements made during her airport and credible fear interviews. Because the inconsistencies between them concern key elements of her claim, *i.e.* her association with the Falun Gong movement and the consequences of her refusal to enter into an arranged marriage, the IJ appropriately relied on them as a basis for her adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Similarly, the IJ was also reasonable in relying on discrepancies between Lin's testimony and her mother's letter regarding the attempted

arrest and property damage by public security officials. *Id.*

■ The agency's adverse credibility determination is thus supported by substantial evidence in the record. The agency's denial of asylum was therefore appropriate. Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Lin's CAT claim was predicated on the same facts as her claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).